HENCK *vs.* TODHUNTER, *et al.*—June, 1826.

It is not the practice in this state to require a warrant of attorney to counsel to appear, and the *English* rules of practice upon that subject are not applicable here.

A party may here appear in *propria persona,* or by attorney, and when the appearance of an attorney is entered on record, it is considered as done by the authority of the party; and whatever is done in the progress of the cause in which such appearance is entered, is esteemed as done by and as binding on him. Whether the attorney is or is not faithful to his trust, is a matter between him and the party.

Where, therefore, an attorney on the record applies for permission to have his appearance stricken out, the presumption is that he does it by the authority of his client; and the client is not thereby entitled to a continuance of his case, but it is to be proceeded in as if the appearance had not been stricken out.

Where the inferior court had permitted a plea to be stricken out, and it was ruled that the defendant answer anew, and then, at the instance of the defendant's counsel, the appearance of the counsel was stricken out, and no new plea was put in—*Held,* by the appellate court, that a judgment by default was properly entered against the defendant, as it was to be presumed that the leave to withdraw the plea was on condition that the defendant should plead anew, without delay, and that the rule then laid upon him to plead anew, was, virtually, a rule to plead *instanter.*

APPEAL from *Baltimore* County Court. *Assumpsit* on a promissory note for $1000, drawn by the defendant below, (now appellant,) on the 5th of January 1820, in favour of *Conrad Schultz,* or order, payable two years after date, and by

*Schultz* endorsed to the plaintiffs, (the appellees.)   The writ issued on the 15th of February 1822, returnable on the fourth Monday in March following.   At the return day of the writ, the defendant, (having been arrested,) appeared in court by *William Frick* his attorney; and on motion of the plaintiffs, the defendant was ruled to plead to the plaintiffs' declaration, which was filed at the time of issuing the writ.   The defendant imparled until the next term to answer, and at that term he further imparled to the succeeding term for the same purpose. At which last mentioned term, viz. the fourth Monday in March 1823, the defendant again appeared by his said attorney, and pleaded *non assumpsit;* after which, at the same term, on the prayer of the defendant, by his attorney aforesaid, leave was granted to him to withdraw his plea, and it was accordingly withdrawn.   On motion of the plaintiffs, it was then ruled by the court that the defendant answer anew to the declaration.   Whereupon, on motion of the said *William Frick,* attorney of the defendant, it was ordered by the court that the appearance of said *Frick,* as said attorney, in the plea aforesaid, be stricken out, and the same was accordingly done.   And the defendant, although solemnly called, did not come, &c. but made default; and on the prayer of the plaintiffs, the court assessed the damages of the plaintiffs to the sum of $1080 83, and rendered judgment in favour of the plaintiffs against the defendant, for the damages laid in the declaration, and costs of suit, with a memorandum that the damages were to be released on payment of the above sum, with interest, &c.   From that judgment the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Mayer,* for the Appellant, contended—1. That no court is authorised to order the attorney's appearance to be struck out, unless with the consent of the party for whom he appeared. He cited 1 *Bac. Ab.* tit. *Attorney,* (C) 295.   *Anon* 1 *Siderf.* 31, (8.)   *Latuck ss. Pasherante,* 1 *Salk.* 86.   1 *Sellon's Pr.* 16, 17.   *Bradley vs. Breach,* 2 *Keble,* 275.

2. If the court had authority to order the appearance of the attorney to be stricken out, the defendant should have been

served with a rule either to employ new counsel, or to appear in proper person.

3. No attorney is permitted to withdraw himself from the action without the consent of his client. If this is permitted, the party should have an opportunity of employing new counsel. Where the party appears by counsel, and the counsel afterwards withdraws from the cause, the party is not presumed to be in court after such withdrawal. *Darnall vs. Harrison,* 1 *Harr. & Johns.* 137.

4. No proper rule was laid for further plea after the withdrawal of the plea put in—the rule not assigning a time for putting in the new plea. The rule was radically defective, and is to be considered as no rule at all. 1 *Sellon's Pr.* 300. 2 *Harr. Ent.* 99. *Tidd's Appendix,* 193. *Lill. Ent.* 473.

5. The judgment by default was not authorised without a warrant of attorney appearing in the proceedings. 1 *Sellon's Pr.* 17. *Jacobs' L. D.* tit. *Judgment,* 559.

*Mitchell,* for the Appellees. 1. If the appellant's counsel is right, then, wherever the defendant and his attorney combine, he may withdraw himself from the cause at the trial term, and by that means have a new rule laid on him to employ new counsel, by which the trial would be delayed, &c.

2. A warrant of attorney is not necessary in this state. It is only a stamp regulation which makes it necessary in *England.* It is not necessary that it should be entered on record. 1 *Com. Dig.* tit. *Amendment,* (E 2,) 454. *M'Mechen vs. The Mayor, &c.* 2 *Harr. & Johns.* 41.

3. The defendant is the person who appears, and is discharged from the custody of the sheriff. He is presumed to be always in court, and there is nothing to prevent his attorney from withdrawing himself from the action. Where an attorney takes upon himself to appear, &c. the judgment is not to be set aside. The plaintiff, who is in no default, is not to suffer. 1 *Bac. Ab.* tit. *Attorney,* (C,) 296. The client's remedy is against his attorney, if he has deserted his cause without leave, or on improper grounds.

BUCHANAN, Ch. J. delivered the opinion of the court. It is not the practice in this state to require a warrant of attorney

to authorise the appearance of a defendant by attorney; the rules of practice, therefore, in *England*, in relation to that subject, are not applicable to the proceedings of the courts of this state.

But the party may, by the law and practice of the courts of this state, appear either in *propria persona*, or by attorney; and whenever the appearance of an attorney is entered on the record, it is always considered that it is by the authority of the party; and whatever is done in the progress of the cause by such attorney, is considered as done by the party, and binding upon him. And whether the attorney is faithful to his trust or not, is a matter between him and the party, his client, to whom he is responsible for the faithful discharge of his duty. When, therefore, an attorney on the record applies for permission to cause his name to be stricken out, it is presumed to be done at the instance and by the authority of the party for whom his appearance has been entered. But it will never be permitted to a party, or his attorney, to obtain a continuance of a cause beyond the time allowed him by law, by striking out the attorney's appearance at the term at which the cause stands for trial; otherwise, by collusion between client and attorney, the trial of a cause might be delayed without limit. Hence, though the court will, on application, permit the attorney's name to be stricken out, considering him as acting on that very application as the attorney, and at the instance of the party, yet it will not be done to the prejudice of the other party, and the cause will be made to progress as if the appearance had not been stricken out.

In this case the cause stood regularly for trial, and it must be understood that the permission given by the court to the defendant's counsel to withdraw his plea, was only to give way to another plea without delay, and that the rule then laid to plead over was virtually a rule to plead *instanter*, otherwise it would have worked a continuance for a cause not justified by law.

JUDGMENT AFFIRMED.