TURNER, survivor of TURNER, *vs.* PLOWDEN, Adm'r of LLEWELLIN.—*December*, 1832.

A judgment in the usual form was confessed, subject to the following terms; "Judgment was rendered in the cause, upon, &c. for the damages laid in the delaration and costs,—to be released on payment of such sum as M shall say is due and costs. To bind a proportion of assets to be ascertained by M." HELD, that this was a final judgment; that to make it absolute, so far as regarded the amount due, no farther action of the court was necessary. The filing of M's certificate thereof, was all that was required for that purpose.

The claim upon which this judgment was founded, was thereby extinguished, and could not afterwards be available, either as a substantive cause of action, or by way of set-off.

APPEAL from *Saint Mary's* County Court.

*Debt* on single bill—Plea, payment, and an account in bar. This case was before in this court, and will be found in 2 *Gill and Johns.* 455. It was then reversed, and sent down with a *procedendo.* At the second trial, the plaintiff (the appellee) read in evidence to the jury, the following single bill, executed by *Josiah Turner*, the appellant, and one *Henry Turner*, since deceased.

"$203 75. On the 20th day of June next, we promise to pay to *John Llewellin*, (exec'r of *Jeremiah Boothe*,) his heirs or assigns, or order, two hundred and three dollars and seventy-five cents, with interest from date, for value received. *January 25th*, 1825."

The defendant thereupon, in support of his account in bar, proved, that *John Llewellin*, rented a tract of land called *Bramley*, of the appellant, for the year 1825, and agreed to pay for the same the sum of $200.

The plaintiff then read to the jury, the record of a judgment rendered in this court, at August term, 1831, in an action in which the present appellant was the plaintiff, and the appellee, *Plowden* as administrator of *Llewellin*, was the defendant, and in which the rent, now attempted to be set-off, was declared upon as the cause of action. The judgment was in the usual form of judgments against ad-

ministrators, but had annexed to it the following by way of *memorandum.* "Judgment was rendered in this cause on the 9th day of November, in the year 1831, for the damages laid in the declaration, and costs of suit. To be released on payment of such sum as *Enoch J. Millard* shall say is due and costs. This judgment, to bind a proportion of assets, and so forth, to be ascertained by a reference to *Enoch J. Millard.*" And then proved, that it was for the same rent, that was relied upon as constituting an account in bar, in the present action. The plaintiff then prayed the court to instruct the jury, that if they should believe from the evidence, that the judgment was for the same cause of action as is contained in the account in bar, the same should not be credited to the defendant in the present suit; which opinion the court (STEPHEN, Ch. J. and KEY, A. J.) gave. The defendant excepted, and the verdict and judgment being against him he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., EARLE, ARCHER, and DORSEY, J.

*Brewer*, and *Stonestreet* for the appellant, contended,

1. The judgment offered in evidence, is a mere interlocutory judgment, and consequently does not merge the account in bar. The party to whom it was referred has not ascertained the sum to be paid, and it was not therefore in a condition to be enforced.

2. But if it is a final, it is also an absolute judgment; and in that view, will not affect the set-off, but may be itself so connected with it as to establish it. 1 *Saund. Rep.* 336, (*a*) *note* 10. 2 *Ib.* 216, 217. The equitable jurisdiction of the court in such a case, will be called in aid of the rules of the common law, for the purpose of doing justice between the parties; it being perfectly evident that the claim sought to be set off is due. 3 *Stark. Ev.* 1318.

*V. H. Dorsey*, for the appellee.

There being a judgment upon the account in bar, it was

not as such, the subject matter of a set-off—nor could the judgment itself, be set-off, because the amount of it was not liquidated.  He referred to *Turner vs. Plowden*, 2 *Gill and Johns.* 455.

Dorsey, J., delivered the opinion of the court.

We concur with the County Court, in their instruction to the jury, on the account in bar relied on by the defendant, as a set-off to the plaintiff's debt.  The judgment rendered upon it was a final judgment.  To make it absolute as far as regarded the amount due on the account, no further action of the court was necessary.  The filing of *Enoch J. Millard's* certificate thereof, was all that was required for that purpose.

The account was extinguished by the judgment, and could therefore never afterwards be available to the defendant, either as a substantive cause of action, or by way of discount, or set-off.

JUDGMENT AFFIRMED.