TüRley, J.
delivered the opinion of the court.
This is an appeal in the nature of a writ of error, from a judgment of the circuit court of Campbell county, upon a bill of indictment against plaintiff in error, a constable of said county, for bidding at his own sale. There is some proof tending to show, that the bid was made by the constable, not for himself, but for a third person who was not present, and had authorized him to make it.
*241 The judge charged the jury, tliaL though the bid.iverc made by the constable for a third person, and not for himself, he is yet guilty of a misdemeanor for which he is liable to punishment by indictment. The correctness of this charge depends upon the construction of the act of 1805, ch. 31, which creates the offence. The act provides, that “if any sheriff) coroner or constable shall bid or purchase at their own sales, by themselves or airy person or persons -for them, or their benefit, all such sales or purchases shall be void, and all persons concerned in any such sales shall be liable to an indictment for a misdemeanor.”
The intention of this act was to prevent, persons, conducting execution sales, from haviirg any inducement to act'unfairly, by striking off the property before it had commanded its full value. It, therefore, forbids the officer from bidding or buying, and makes it indictable to do either; but it is argued that the bidding must be for the benefit of the officer, or it is not within the statute. To this we answer, that the permitting an officer to bid at his sale for a third person, is in our opinion calculated to produce all the evils intended to be remedied by the statute and that it is within the express words of the statute, and, therefore, governed by it.
Upon the trial in the court below John Netherland, an attorney of the court, appeared as an assistant of the attorney general in conducting the prosecution. Objection was taken to his appearance, unless he produced authority from the State for so doing. This objection was overruled and the appearance permitted, and this is assigned as error. The appear-ahee of more than one attorney on each side of a case, is a matter within the discretion of the court. Every man has a right to be heard by attorney, but not by more than one, unless by permission, and a refusal is no cause of error, for which a judgment can be reversed.
In the case of Gillespie vs. The State, 3 Yerg. 325, it is said, that the State may employ a licensed attorney of the court to assist in the prosecution, but that if it be required, he must produce his authority. We do not concur in the opinion announced in the latter part of this sentence. The attorney general re *242 presents the State? he institutes the proceeding, and is responsible for the manner in which it is conducted. He must be heard. The court have no power to refuse him. He must have been legally appointed, and the court have a right to the evidence of his appointment. But as has been observed, if a licensed attorney appear as an assistant, he may be heard or not, at the discretion of the court, with or without authority, if the attorney general consent. So it is in civil cases; the attorney who brings the suit must produce bis authority if required, because he represents the person suing,, and he shall not implead any individual without authority; but the authority to commence the suit being produced, all danger of a false suit is removed; there is then no reason to call for the authority of assistant counsel, who may appear by the permission of the court and the assent of the attorney general. Let the judgment be affirmed.
Note. — In a criminar case,, not more than two will be allowed to manage the prosecution on behalf of the government. Commonwealth vs. Knapp, 9 Pick. 496.
As to appearance and the authority so to do in civil case, see 3 Monroe, 194: 1 Bailey, 488: 7 Har. & J. 275: 16 Serg. & R. 388.
The court may at any time call upon the plaintiff’s attorney for his warrant to sue, but if satisfied, either by the production of the warrant or even by parol' evidence, that the attorney acts by authority, they will not in a summary way arrest the proceeding. King of Spain vs. Oliver, 2 Washington C. C. 429.