State, use of Welch and wife, *vs.* Jones, et al.—1844.

DECEMBER TERM, 1844.

STATE, FOR THE USE OF JOHN B. WELCH AND WIFE, *vs.* CALEB M. JONES AND MORDECAI C. JONES, SURVIVORS OF MARY E. FORD.—*December* 1844.

The confession of a judgment, to be released on payment of what F shall say is due, cannot be considered as a reference under the act of 1778, ch. 21. It is a final judgment.

The various provisions of that act, all contemplate a case still pending in court, and awaiting the return of the award before a judgment is to be rendered.

The words *payment* and *due* in such a confession import that a sum of money, was alone in the view of the parties, and hence no other authority was given by it, but to certify the sum of money on payment of which the judgment should be released.

Under such a confession, the party who was to ascertain the sum has no authority to award or determine, that the judgment should be released on payment of, &c., in *negro property*, at the original appraisement, belonging to the estate of H.

APPEAL from *St. Mary's* county court.

State, use of Welch and wife, *vs.* Jones, et al.—1844.

This was an action of *Debt*, commenced on the 25th June 1839, by the appellants.   The plaintiffs declared on the bond of *Mary E. Ford*, and the appellees sealed on the 14th June 1836, with condition the that said *M. E. F.* should perform the duties of administratrix of *Ignatius Ford*, deceased.   The defendants pleaded general performance by *M. E. F.*

To which the plaintiffs replied—

1st. That before the making and execution of the writing obligatory aforesaid, to wit, on, &c., at, &c., at a county court begun, &c., on the first Monday of August in the year 1824, the State of *Maryland*, for the use of *Ignatius Ford*, then and there in his lifetime recovered against a certain *Caleb M. Jones*, in an action of debt then pending between the said parties in the said county court, as well the sum of three thousand pounds, being the penalty of a certain writing obligatory, then and there in such as aforesaid, a certain debt and the damages and costs in the said action, then and there assessed by the said court, to be released upon the payment of what *James Forrest* shall say is due, and costs; and then and there at the same court, the said State, at the like instance and request of the said *Ignatius* in his lifetime, recovered the same judgment with the same release thereof against *Mordecai C. Jones;* and then and there at the same court, the said State, at the like instance and request of the said *Ignatius* in his lifetime, recovered the same judgment with the same release thereof against *William Armstrong*, which said several judgments, then and there were of record in the said county court, and thereafter being in said court remaining, "the record thereof" was then and there by accident burnt and destroyed, and which said judgments yet remain in full force; and the said State in fact saith, that afterwards, to wit, on, &c., the said *James Forrest*, to whom the said judgments were so as aforesaid referred, did then and there make and file his award, and then and there did award and determine that the said annexed judgments be released on payment of $1,016.52, in negro property, at the original appraisement, belonging to the estate of *Vitus G. Herbert*, deceased, with interest thereon

from the 19th November 1824; and the said State, in fact saith, that before the making, executing and passing of the said writing obligatory by the said defendants, the said *Ignatius Ford*, then and there, to wit, on, &c., departed this life in said county, intestate, leaving a widow, the said *Mary E.*, and four children, to wit, *Harriet E.*, who afterwards intermarried with the said *John B.*, at whose instance this action is brought, *Lewis*, *Ann S.* and *Mark*, and leaving the said judgment and award, and other debts due, with other personal assets in said county to a large amount, to wit, twenty negroes of great value, to wit, the value of, &c., and a large sum of money, to wit, &c., due to the said *Ignatius*, in his lifetime, to be administered and distributed among the said widow and children. And the said *State*, in fact saith, that the said negroes, debts and money so due and owing, and belonging to the said *Ignatius*, amounting to a great value, to wit, the value of, &c., over and above, and after making all just allowances and deductions for debts, legacies and charges upon said personal estate, is by law to be distributed to the said widow, so that the said widow receive one-third part thereof, and each of the said children, one-fourth of the remaining two-thirds thereof, so that the said *John B.* and *Harriet E.*, in right of said *Harriet E.*, his wife, are entitled to one-fourth of two thirds of the said negroes and money, and other assets of great value, that is to say, of the value of three thousand dollars, current money. And the said State, in fact saith, that the said *Mary E.*, administratrix as aforesaid, did not collect and receive the said negroes and money, and other assets of the said *Ignatius*, and of which the said *Ignatius* died possessed and entitled. And the said State, in fact saith, that the said *Mary E.*, as administratrix as aforesaid, has not accounted for, distributed, or paid over to the said *Harriet E.*, while sole and unmarried, nor the said *John B.* and *Harriet E.*, his wife, since their intermarriage, but so to do, has wholly refused, &c.

2nd. That a certain *Ignatius Ford*, late of *Saint Mary's* county, deceased, departed this life, to wit, at, &c., intestate,

leaving behind him a widow, the said *Mary E.*, and four children, to wit, &c.   And the said State, in fact saith, that afterwards, and before the impetration of this suit, there was in the county aforesaid, a large amount of personal property of the said *Ignatius* then and there remaining in the said county, to be administered according to law; that is to say, twenty negroes of the value of five thousand dollars, and debts due the said *Ignatius*, of the value of five thousand dollars, which the said *Mary E.*, as administratrix as aforesaid, might and could have collected, received and administered according to law, the said *Mary E.*, well knowing the same. And the said State, in fact saith, that the said *Mary E.*, as administratrix as aforesaid, did not at any time return to the said orphans court, an inventory of the property and assets of the said *Ignatius*, deceased, nor make any settlements in said court ; but afterwards, to wit, on the day and year aforesaid, returned a list of debts amounting to $1,016, with interest from the 20th day of November 1824.   And the said State, in fact saith, that the property, debts and other assets of the said *Ignatius*, deceased, amounted in the whole above, all payments and allowances for the debts, charges, &c., upon said estate, to a large sum of money, to wit, whereof the said widow was entitled to one-third, and the said *John B.* and *Harriet E.*, in right of said *Harriet E.*, one of the children of the said *Ignatius*, deceased, was entitled to, &c., of all which the said *Mary E.*, as administratrix, then and there had notice.   And that the said *Mary E.*, as administratrix aforesaid, did not at any time distribute and pay over to the said *John B.* and *Harriet E.*, his wife, the said distributive share and proportion of the said estate and property ; but so to do hath wholly refused, to the damage of the said *John B.* and *Harriet E.*, his wife.

3rd.   That heretofore, to wit, on, &c., and before the impetration of the writ original in this cause, a certain *Ignatius Ford*, of the said county, then and there departed this life intestate, and leaving the said *Mary E.*, his widow and four children, to wit, &c.; that afterwards, and after the death of the said *Ig-*

*natius,* the orphans court of *St. Mary's* county, then and there, to wit, on the day and year aforesaid, appointed the said *Mary E.,* &c.; that of the goods and chattels, rights and credits of the said *Ignatius,* there came in the hands of the said *Mary E.,* as administratrix as aforesaid, a large sum, to wit, to the value of ten thousand dollars, over and above all payments and discounts, which said sum was and is distributable and payable to the said *Mary E.,* widow, to the amount of one-third part, and to each of the said four children, one-fourth of two-thirds thereof. And that although the time limited by law for the settlement of estates by executors and administrators has long since expired, and in which the said *Mary E.,* as administratrix, was bound to settle and distribute the said estate, yet the said State, in fact saith, that the said *Mary E.,* as administratrix, hath not at any time settled, distributed or paid over the said sum of money, or any part thereof, to the said *John B.* and *Harriet E.,* his wife, and to the damage of, &c.

The defendants rejoined, that there was no such judgments as the said estate has thereon alleged, rendered in *St. Mary's* county court against the said defendants, or either of them, for the use of the said *Ignatius,* or against the said *William Armstrong.* And that the said *James Forrest* did not make and file his award in manner and form as the said State has above alleged; that since the last continuance, the said *Mary E. Ford* hath departed this life, to wit, on, &c., and without having received or recovered any of the said judgments, or any other sum of money alleged by the said plaintiff, to be due and owing to the estate of the said *Ignatius,* and that no letters of administration *de bonis non* on his estate had been sued out. And that the said *Ignatius* departed this life, leaving five children and heirs at law, and the said *Mary E. Ford,* his widow, and that he left no negroes or other assets to be administered as alleged by the said State, beyond the sum necessary to pay the debts of said estate, and that the said *Mary E. Ford,* in her lifetime, did return a true and perfect inventory of the estate of the said *Ignatius,* fully administered, the estate of the said *Ignatius,* and did and performed all the acts

and things required by l_____ ____ performed by her as such administratrix. And that as to the said recited judgments and awards, that letters of administration were granted to the said *Mary E.*, on the estate of the said *Ignatius*, on the 14th day of June 1836, and that the said recited judgments first came to the knowledge of the said *Mary E.*, on the        day of September 1836, and that the said recited judgments were barred by the statute of limitations, on the 13th day of November 1836, and so the said defendant avers, that in failing to collect the said judgments so alleged to be due and owing, the said *Mary E.* was guilty of no such laches as to entitle the said State therefor to maintain its said action.    And that after the rendition of the aforesaid judgments, it was so proceeded in, in *St. Mary's* county court, sitting as a court of equity, in a case in which *Mary E. Ford* by *M. C. Jones*, her next friend, was complainant, and *Ignatius Ford* and the said *Caleb M.*, were defendants; that on the 18th day of March 1826, it was adjudged, ordered and decreed by said court, that the said defendant *Caleb M.*, should pay over to the said *Mary E.* for her own use, the amount of the said judgments so released, as alleged by the said plaintiffs, and that the said *Ignatius* should credit the said *Caleb M.* for the said amount, which said sum yet remains in full force unrecovered and of record in the said court; and all these things the said defendants are ready to verify.

The plaintiff sur-rejoined :—

1st. That there is no such record in *St. Mary's* county court, sitting as a court of equity, as by the defendants in manner and form in their rejoinder is alleged; and this the said State is ready to verify.

2nd. Says that the said *Mary E.* in her lifetime, did not well and truly perform, fulfil and keep the said matters and things by her to be done, performed and kept, according to the condition of the said writing obligatory, as she above alleged, and did not well and truly administer the goods and chattels, rights and credits of the said *Ignatius*, as the said defendants have above alleged; and this the said State is

ready to verify, &c. On which sur-rejoinders issues were joined. The verdict was for the defendants.

1st Exception. The plaintiff, to support the issues on his part joined, gave in evidence to the jury, that *Harriet*, wife of the plaintiff, was one of the legal representatives of *Ignatius Ford*, on whose administration bond the present defendant was security, and then read in evidence to the jury the original inventory and list of debts due the estate of *Ignatius Ford*, returned by *Mary E. Ford*, her administratrix in her lifetime.

An inventory of all the debts owing to *Ignatius Ford*, late of *St. Mary's* county, deceased, so far as they have come to the knowledge of *Mary E. Ford*, administratrix, viz:

C. M. Jones, administrator of *Vitus G. Herbert*, deceased, on special judgment bearing interest from 20th day of November 1824, to be paid in negro property, at the original appraisement, - - - - $1,016 52

Sworn to and filed 13th September 1836.

Having first proved that said list of debts was returned in the handwriting of *Caleb M. Jones*, the present defendant. The defendants having first proved the destruction of the original papers by fire in the destruction of the court house, then read in evidence, the docket entries of a case in *St. Mary's* county court, at August term of said court, in the year 1824, in the name of the State, at the instance and for the use of *Ignatius Ford* against *Caleb M. Jones*, *Mordecai C. Jones* and *William Armstrong*.

State of Maryland, at the instance and for the use of Ignatius Ford, *vs.* Caleb M. Jones. *St. Mary's* county court, August term, 1824. Debt, Nar and Oyer. Spl. Impl. and leave. Perf. repl. Rejoinder and issue. List of outstanding claims. Jury sworn and withdrawn. Proceedings stayed by injunction. Plead. withdrawn.

Judgment 13th November 1824, for penalty and costs. To be released on payment of what *James Forrest* shall say is due, and costs. *James Forrest's* award filed 20th November 1824.

Test, Jo. Harris, Cl'k.

Plaintiff's costs, $12.85.

STATE OF MARYLAND, at the instance and for the use of Ignatius Ford, *vs.* MORDECAI C. JONES. Same as preceding.

STATE OF MARYLAND, at the instance and for the use of Ignatius Ford, *vs.* WILLIAM ARMSTRONG. Same as preceding.

By which it appeared that a judgment was confessed in favor of the plaintiff for penalty and costs, to be released on the payment of what *James Forrest* shall say is due, and costs; and then gave in evidence the administration bond of the said *Caleb M. Jones,* on the estate of *Vitus G. Herbert,* dated 16th May 1820, with *M. C. Jones* and *W. Armstrong* as sureties.

And the said *Caleb M. Jones* was the administrator of *Vitus G. Herbert;* and then offered to read to the jury, for the purpose additionally of showing that the judgment returned by *Mary E. Ford,* administratrix of *Ignatius Ford* in 1836, in the handwriting of *Caleb M. Jones,* was the judgment referred to *James Forrest* in this case, and the award of *James Forrest,* filed in the case, on the 20th November 1824. An inventory of all the debts owing to *Ignatius Ford,* as above, and also the above short copies of judgments with the following certificates thereto annexed, viz:

I do award and determine that the annexed judgments be released on payment of $1,016.52, in negro property, at the original appraisement, belonging to the estate of *Vitus G. Herbert,* deceased, with interest thereon from this 19th November 1824.                          JAS. FORREST.

　　　　　True copy,　　　　　 Jo. HARRIS, Cl'k.

The plaintiff then gave in evidence that *James Forrest* died in 1826.

The defendant then prayed the court to instruct the jury, that if they find from the evidence, that the debt returned in the list of debts by *Mary E. Ford,* as administratrix of *Ignatius Ford,* was the same in the judgment against *Caleb M. Jones,* recited in this bill of exception, then that the defendants are not responsible in this action for the same, because the award made by *James Forrest,* was not within the terms of the reference, and the sum upon which the judgment

was to be released, was not legally arbitrated or liquidated by him. Which opinion the court (STEPHEN, C. J., and KEY, A. J.,) gave. The plaintiff excepted.

2ND EXCEPTION. The plaintiffs, upon the evidence incorpo·rated in the first bill of exceptions, prayed the court to instruct the jury, that if they find from the evidence in the cause, that the judgment was entered for the debt, to be released on payment of what *James Forrest* shall say is due, and that *James Forrest* did make an award. And the award so made, was adopted by *Caleb M. Jones*, one of the defendants, that the said award so made by *Forrest*, to whom the judgment was referred, was binding upon *Caleb M. Jones*, and that the defendants are responsible for said debt, if they find that said debt was returned by *Caleb M. Jones*, one of the defendants in this cause, in his handwriting, and recognised by *Mary E. Ford*, the administratrix of *Ignatius Ford;* which instruction the court refused to give. The plaintiff excepted.

3RD EXCEPTION. In the trial of this cause the plaintiff, in support of the issues on his part joined, in addition to the evidence given to the jury in the former bills of exceptions, which is here incorporated and made a part of this, further offered to read in evidence from the records of the orphans court of *St. Mary's* county, the final account of *Caleb M. Jones*, (who is one of those defendants,) as administrator of *Vitus G. Herbert*.

The fifth and final account of *Dr. Caleb M. Jones*, adm'r of *Vitus G. Herbert*, late of *St. Mary's* county, deceased.

This accountant chargeth himself with the balance due at his last settlement, the 10th day of Novem-

| 1824, amounting to | - | - | - | $372 71¾ |
|---|---|---|---|---|

Also with cash received from the following persons :

| William Herbert, Sen. | - | - | - | $961 | 00 |
|---|---|---|---|---|---|
| John Clarke, | - | - | - | - 1 | 75 |
| Thomas Clarke, Sen. | - | - | - | - 1 | 01½ |
| Nelson White, - | - | - | - | - 1 | 50 |
| Samuel Gibson, | - | - | - | - 4 | 00 |

8    v.2

State, use of Welch and wife, *vs.* Jones, et al.—1844.

| | | | | | |
|---|---|---|---|---|---|
| William Dunbar, | ◄ | - | - | - | 2 00 |
| Lewis Smith, - | - | - | - | - | 50 |
| Caleb M. Jones, | - | - | - | - | 24 80½ |

$1,369 29

And this accountant prays to be allowed for the following payments and disbursements, to wit:

| | |
|---|---|
| Thomas Clarke, - - - - - | $25 83 |
| Peter U. Thompson & Co., use W. Floyd, judgment, - - - - - | 148 45 |
| Dr. Caleb M. Jones, for money due from Ignatius Ford for hire of negroes, - - | 25 00 |
| Same for property purchased by Mary Herbert at sale, one dark bay mare, - - - | 51 00 |
| Ten per cent. commission allowed on $996.57¼, | 99 65 |
| Register of Wills' fees to be paid James Forrest, | 2 84 |

|  |  |
|---|---|
|  | $352 77 |
| Balance due and distributable, - - | 1,016 52 |

$1,369 29

This account on the 19th November 1824, was sworn to by Dr. *Caleb M. Jones,* administrator of *Vitus G. Herbert,* as just and true, and that he hath bona fide paid or secured to be paid, the particular sums for which he claims an allowance, which thereupon, after due examination, is passed by the register of wills for *St. Mary's* county.

And also offered to prove by a legal and competent witness, that said *Mary E. Ford* lived in the family of said *Caleb M. Jones,* from the year 1822, until the time of her death ; and also that said *Caleb M. Jones* paid fees against said *Mary E. Ford* after her death, which fees were due before her death, for the purpose of showing the indebtedness of said *Caleb M. Jones,* as administrator of *Vitus G. Herbert,* and that the balance in his hands of said estate, due and distributable, corresponds in amount with the award of *James Forrest* aforesaid, and the list of debts due to the estate of said *Ignatius,* as returned by his administrator aforesaid, and also for the purpose

of proving that said *Caleb M. Jones* and said *Mary E. Ford*, as administratrix as aforesaid, acquiesced in the said award, and said *C. M. J.*, consented to pay the said sum of money to said *M. E. F.*, as administratrix as aforesaid ; and prayed the court to instruct the jury, that if from the evidence they find that said *Caleb M. Jones* and *Mary E. Ford* did acquiesce in said award, and said *Caleb M.* did consent and agree to pay the said sum of money to said *Mary E.*, administratrix as aforesaid, that then the said plaintiff is entitled to recover his proportion of said sum of money; which opinion and instruction the court refused to give, but were of opinion, and so instructed the jury, that there was no legally sufficient evidence offered to prove that said *Caleb M. Jones* and *Mary E.*, did acquiesce in said award, or that said *Caleb M. Jones* did consent and agree to pay the said sum of money to the said *Mary E. Ford.* The plaintiff excepted.

4TH EXCEPTION. The plaintiff prayed the court to instruct the jury upon the whole evidence, that the award of *James Forrest* so returned, was valid and binding, as it does not appear from the papers in the case, that he exceeded his authority in designating the manner in which the sum ascertained should be discharged by the defendant; which instruction the court refused to give. The plaintiff excepted.

The plaintiff below appealed to this court.

The cause was argued before ARCHER, CHAMBERS and SPENCE, J.

By CRAIN for the appellants and
By T. S. ALEXANDER for the appellees.

CHAMBERS, J., delivered the opinion of this court.

The first exception involves the validity of the certificate, or as it is termed in the record, the award signed and returned by *James Forrest.*

This cannot be considered as a reference under the provisions of the act of 1778, ch. 21. The various provisions of that act, all contemplate a case still pending in court and

awaiting the return of the award before a judgment is to be rendered ; whereas in this case, a judgment has been entered, which according to the case of *Turner vs. Plowden*, 5 *G. & J.* 52, is a final judgment, without the further action of the court. It would seem not to be possible in such a case to give judgment on the award, according to the direction of the act of 1778, ch. 21, sec. 8, without which the objects of that act cannot be attained. See *Shriver vs. State, use of Devilbiss*, 9 *G. & J.* 1. The words "payment" and "due" would seem to import, that a sum of money was alone in view of the parties, and we must conclude that no other authority was given to *J. Forrest* but to certify the *sum of money*, on payment whereof the penalty and costs should be released ; and then the question arises whether he has pursued the authority thus given? We think not. It is most obvious that the payment of any specific amount of money in specie would not be an execution of his direction. Payment is not only to be made in negroes, but in negroes belonging to a particular estate, and at a value estimated by a designated standard, and the plaintiff was not entitled to demand, nor could the defendant claim to discharge the debt in any other mode than the one mentioned in the certificate, and no execution could therefore issue. If instead of the judgment, a reference had been made in terms broad enough to authorise such an award, and a judgment had been entered thereon, all difficulty in that respect would have been removed. 9 *G. & J.* 1 ; 10 *G. & J.* 192. The object intended and directed by the certificate cannot be effected by striking from it so much as relates to the negroes, and allowing it to remain as if it had directed the payment of the specific sum of $1,016.$\frac{52}{100}$. Assuming the negroes to have been appraised at a fair value in 1820, when the administration bond on the estate of *S. G. Herbert* appears to have been given, and when we must suppose the appraisement and inventory were made, it was nearly, if not quite, impossible, the negroes could have remained of precisely the same value, until the letters of administration to *Mary E. Ford* in 1836, at the expiration of sixteen years, or at any later period ; and if there was any

difference in such value at the time when the payment of the $1,016.$\frac{52}{100}$, *in money* was enforced, either more or less would be paid than the certificate required, as the appreciation or depreciation of the negroes should determine. It was therefore necessary to the essential merits of the case, that the payment should not be required in money. Whether this be regarded as an award, or as in the nature an of award, we are of opinion, that upon principle or analogy, the certificate could not entitle the plaintiff to claim in money, the amount therein stated. We therefore concur with the court in the opinion given in the *first* exception, and also in the opinion given in the *fourth* exception, which raises the same question.

In the second exception, the plaintiff asked the court to instruct the jury, that the defendants were responsible for the nominal amount of the said certificate, if they should find that it was mentioned in the list of debts due to the estate of *Ignatius Ford*, returned by *Mary E. Ford*, the administratrix, and which return was in the handwriting of *Caleb M. Jones*. We are of opinion that the court were right in refusing the instruction. The claim is stated in the list of debts as payable in negro property at the original appraisement. The return is a report by the administratrix, *M. E. Ford*, of the fact that such a judgment existed, but we have before said it did not enable her to collect the amount of money mentioned in the certificate, and of course she was not responsible for that amount, as for so much money lost by her neglect.

The additional facts set forth in the third exception, do not in any degree relieve the case of the difficulties and objections which oppose the right of the plaintiff to recover upon this certificate the sum of money which he claimed in this action, nor indeed do we perceive how the administration account brought into the case, can be made to bear upon the issue.

Whether the balance stated to be due on that administration account, was due to *Ignatius Ford*, or was recoverable by his administratrix, or any portion of it, or to whom due, the record does not disclose. Finding no error in any of the opinions to which exception has been taken, we must affirm the judgment with costs to appellee. JUDGMENT AFFIRMED.