THE AFRICAN METHODIST
BETHEL CHURCH OF THE CITY
OF BALTIMORE
vs.
JOEL P. CARMACK ET AL.

MARCH TERM, 1849.

[CHURCH CORPORATIONS—CHANCERY PRACTICE—ACTS OF ATTORNEY.]

UNDER the act of 1802, ch. 111, authorizing the incorporation of churches, the persons elected according to the provisions of the 2d section of that act and not the congregation, constitute the corporation of the church.

Nine persons were elected trustees of a church, in accordance with the above act. A bill was filed in the name of the corporation against five of these trustees in their individual capacities. Before answering this bill the defendants filed a petition contesting the authority of the solicitor who filed it, upon the ground that a minority only of the board of trustees of the corporation authorized it to be filed, and for this reason prayed that the bill might be dismissed. HELD—

That notwithstanding the apparent anomaly of a corporation in its artificial capacity suing a majority of the individuals composing it in their natural capacity, such a state of things may very properly occur. In this case the three members authorizing the suit, would, by the charter, constitute a majority of a quorum for the transaction of business, and at a meeting thus held, the present proceedings might have been ordered.

The bill might have been filed in conformity with the charter, and it would therefore, be improper to dismiss it, upon this summary proceeding, before answer, without evidence, and merely upon allegations proceeding from the defendants themselves.

Where the appearance of an attorney is entered on the record, it is considered as done by the authority of the party, and whatever is done in the progress of the cause, is regarded as done by, and binding on the party himself—the fidelity of the attorney in the discharge of his trust being a question between him and the party for whom he undertakes to act.

[The nature of the question decided in this case as well as the facts are stated in the opinion.]

THE CHANCELLOR:

On the 21st of December last, a bill was filed in this court by the complainant, as a corporate body, against Joel P. Carmack, Thomas Cook, Daniel Brooks, Aaron Richfield, Frederick Harris and four other persons, in which it was alleged, that

the five persons whose names have been mentioned, and Alexander Murray, Robert Ross and Nicholas Sales, had been duly elected trustees for managing the temporal concerns of the corporation, and that they, with the Rev. Daniel A. Payne, pastor of the church, who was, *ex officio*, one of the trustees, and president of their body, were the properly constituted agents for that purpose.

The bill, upon the allegation of fraudulent misconduct on the part of the five defendants whose names have been mentioned, in collecting and misapplying the funds of the church, prayed for the writ of injunction to restrain them for the future, and for an account, &c. An injunction was granted accordingly : and subsequently on the 31st of January following, without having answered the bill, the defendants, Carmack, Harris, Cook, Crooks and Richfield, filed their petition in the cause, in which, after denying the acts of misconduct imputed to them in the bill, they contest the authority of the solicitor by whom it was filed, upon the ground, that the members of the board of trustees who authorised it, constituted a minority ; and the petitioners upon this ground pray that it may be dismissed.

The case is brought before the court upon this petition, and the answers thereto of the complainants and counsel have been heard in support of, and in opposition to, this prayer.

The answer of the complainants affirmed that the corporation is composed, not of trustees and pastor, but of the congregation of the church, and that the allegations that the bill was filed without adequate authority is untrue.

The legal position, however, I think is clearly erroneous. The 2d section of the act of 1802, ch. 111, under which this corporation was created, authorizes certain persons, members of the church, society or congregation, proposing to avail themselves of the provisions of the act, to elect certain sober and discreet persons, not less than five nor more than thirteen, which persons so elected, shall be, and are by said act, constituted a body politic or corporate, upon being registered as by said act is directed, to act as trustees in the name and behalf of the particular church, &c. to manage the estate, property, interest and inheritance of the same.

An exhibit filed with the bill shows, that the members of this church, in April, 1820, availing themselves of the law, adopted a charter of incorporation by the name employed in these proceedings, and by the 1st section of the 2d article they declared that "the trustees for the management of the temporal concerns of the church shall be nine in number (including the minister or pastor, who shall be a trustee *ex officio,)* and shall have and use the corporate name and style of the African Methodist Bethel Church of the city of Baltimore, five of whom shall form a quorum for the transaction of business."

I think it, therefore, very clear, that the trustees and not the members of the congregation constitute the corporate body; but I do not think that though five of these trustees, forming a majority of the whole number, are defendants to the present bill, that, therefore, at this stage of the proceeding, and in this summary and unusual mode, the court would be justified in dismissing it.

The bill is filed by a solicitor of this court, in the name of the corporation, against the defendants in their individual capacities ; and, notwithstanding the apparent anomaly of a corporation in its artificial capacity, suing a majority of the individuals composing it, in their natural capacity, it is manifest, that such a state of things might properly occur with regard to this corporation and perhaps many others. The petitioners state, that the bill was filed by the authority of three members of the board of trustees, and these, according to the charter, would have constituted a majority of a quorum for the transaction of business ; and at a meeting thus held, the present proceeding might have been ordered. There are, perhaps, other modes in which these three trustees, with whom it is understood the pastor concurred, may have been authorized to institute these proceedings ; and, therefore, it appears to me, it would be improper to dismiss the bill before the period arrives, when all the circumstances can be explained. It is true the petition alleges, that the only authority under which the solicitor acted, was derived from three of the trustees, and this may be so. But it may not be so, and as notwithstanding the ap-

14

parent want of proper authority, the bill may have been filed in conformity with the charter, I cannot think it would be right, without answer, and without evidence, upon allegations proceeding from the defendants themselves, to turn the plaintiff at once out of court. If it shall appear hereafter, at the proper stage of the cause that the bill was filed without sufficient authority, there will, it is presumed, be no difficulty in applying the proper remedy.

The Court of Appeals have several times spoken of the credit which should be given to the acts of attorneys of the courts. In the case of *Henck* vs. *Todhunter*, 7 *H. & J.*, 275, it is said that where the appearance of an attorney is entered on the record, it is considered as done by the authority of the party, and that whatever is done in the progress of the cause, is regarded as done by, and as binding on, the party himself, the fidelity of the attorney in the discharge of his trust being a question between him and the party for whom he undertakes to act.

In this case a solicitor of this court has filed a bill in the name of "The African Methodist Bethel Church of the City of Baltimore," being the corporate name of the plaintiff. This act of the solicitor must be regarded at least at this stage of the proceeding, as done by the authority of the plaintiff; and yet the defendants, because they form a majority of the board of trustees, ask the court, before they have answered the bill, and without an opportunity to the other side to bring forward those circumstances, which if they exist, would sanction what has been done, to put an end to the cause.

My impression is that this is not the time to decide that question, and, therefore, the application will be overruled.

____

CHARLES F. MAYER for Complainants.

T. S. ALEXANDER and CHARLES H. PITTS for Defendants.