## WILHELM *v.* BURKE

[No. 407, September Term, 1963.]

414

*Decided July 2, 1964.*

*Motion for rehearing filed July 20, 1964, denied July 30, 1964.*

The cause was argued before HENDERSON, HAMMOND, MARBURY and SYBERT, JJ., and ANDERSON, J., Associate Judge of the Sixth Judicial Circuit, specially assigned.

*Mrs. Grace Wilhelm,* in proper person, for appellant.

*William B. Somerville,* with whom were *Smith, Somerville & Case, J. Kemp Bartlett, III* and *Bartlett & Hicks* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

This is the second appeal stemming from a suit filed on behalf of Grace Wilhelm and her husband. They had obtained judgments against the appellee, Paul Edward Burke who, while operating an automobile negligently struck the rear fender of a parked car in which Mrs. Wilhelm was seated, resulting in injuries to her. Alleging that certain errors committed by the trial court reduced the amounts of the jury verdicts obtained by them, both the husband and wife appealed.

As a result of that appeal, this Court reversed in part the judgment in favor of Mrs. Wilhelm and remanded the case for a new trial. *Wilhelm v. State Traffic Comm.*, 230 Md. 91, 185 A. 2d 715. The issues were limited on remand to the causal relationship, if any, between the accident and the loss of pigmentation of the skin of Mrs. Wilhelm's face, which developed shortly after the accident. If that issue were determined in her favor, the opinion further stated, the jury then was to determine the amount of damages.

At the second trial the evidence produced on behalf of the appellant was limited to the testimony of the Wilhelms and three photographs of Mrs. Wilhelm's face, offered to show the condition of her skin over the eye which allegedly was bruised in the accident. The only medical evidence was produced by the defense. Doctor David L. Filtzer, an orthopedic surgeon who had treated Mrs. Wilhelm, testified that when she visited him she stated she had not struck her head and that his examination did not disclose a bruise or an abrasion on her face. Then the relevant portions of the record of the Union Memorial Hospital were read into evidence. After the court's instructions to the jury, to which there were no exceptions by the appellant, the jury returned a verdict finding no causal relationship between the accident and the loss of pigmentation.

Both at the second trial and in this Court Mrs. Wilhelm conducted her own case. She argues here that the lower court "erred in not letting Plaintiff get counsel." There is nothing to show that the court in any way prevented her from obtaining counsel, and of course the court was not required to appoint counsel in this civil litigation. The record does show affirmatively that the trial judge carefully explained to the jury and opposing counsel that Mrs. Wilhelm was representing herself and was entitled to the same respect and consideration as though she had an attorney. In addition, with the consent of the parties, the trial judge assisted liberally with the interrogation of appellant's own witnesses. The record before us contains the transcript of the proceedings on appellant's motion for a new trial (at which an attorney represented her) and it discloses Mrs. Wilhelm was advised by the court at a pre-trial con-

ference she could have counsel and she had declined legal assistance. This contention therefore can not prevail.

A second argument, as we understand it, is that Dr. Filtzer was permitted to remain outside the courtroom while she put on her case and because of this should not have been allowed to testify. Dr. Filtzer was called by the defense, and Mrs. Wilhelm, though she did not summon him, indicated her willingness for him to testify. His testimony did not depend upon the evidence adduced by the appellant in putting on her case. It is a long established practice in this State to permit an expert to express an opinion based upon facts in the evidence which he has heard or read, upon the assumption those facts are true. *Twombley v. Fuller Brush Co.,* 221 Md. 476, 158 A. 2d 110; *Thompson v. Phosphate Works,* 178 Md. 305, 318-19, 13 A. 2d 328. However, in this case, the doctor was not asked to give his opinion upon the facts. He was called by the defense for the purpose of refuting certain claims made by the appellant. Finally, no objection was made by appellant to Dr. Filtzer as a witness nor to any specific portion of his testimony.

A final contention by the appellant is the admission into evidence of the hospital record from Union Memorial Hospital, where Mrs. Wilhelm was a patient after the accident. Her objection was that no one had been able to locate the record at the first trial. No other objection was noted, and after the court had assured itself the record was made in the regular course of business, it was subsequently read to the jury without further objection. The record was properly admitted for whatever probative value it had in the case.

In *Anderson v. Hull,* 215 Md. 476, 483, 138 A. 2d 875, Chief Judge Brune observed: "We are well aware of the complications which often flow from litigants undertaking to handle their own cases, but their right to do so has long been recognized in this State. *Henck v. Todhunter,* 7 Har. & J. 275." In appellant's brief, confusingly interspersed throughout the contention first discussed were various independent questions of law and fact raised for the first time in this Court. After considering them nevertheless, we are unable to find any present grounds for reversal.

The appellee moved to dismiss the appeal pursuant to Maryland Rules 835 b, and 836 for failure of the appellant to have printed as a part of the record extract the judgment appealed from or the portions of the evidence necessary for the determination of the questions raised, both of which are required by Rule 828 b. As we have had occasion to state as recently as *Bergen v. State,* 234 Md. 394, 199 A. 2d 381, under that Rule it is within the discretion of this Court whether to dismiss an appeal or not. The necessary portions of the record have been supplied by the appellee. Under the circumstances we decline to dismiss the appeal, and the motion to dismiss it is therefore denied.

In a petition filed with this Court on February 8, 1964, after the briefs in the appeal were filed but before argument, the appellant requested that we strike certain statements made by opposing counsel at the hearing on her motion for a new trial. Although the appellant did not comply with Rules 306 c and 855 c, an order of this Court was passed February 11, 1964, deferring action on the petition until after the appeal was argued. The statements were in no way evidence and were immaterial. The petition must be denied.

On the merits of the case we find no reversible error, and the judgment is therefore affirmed.

> *Judgment affirmed. Appellant to pay the costs.*