254 Md. 269 (1969)
254 A.2d 355
AREA DEVELOPMENT CORPORATION
v.
FREE STATE PLAZA, INC., ET AL.
[No. 315, September Term, 1968.]
Court of Appeals of Maryland.
Decided June 25, 1969.
The cause was argued before HAMMOND, C.J., and MARBURY, McWILLIAMS, FINAN and SINGLEY, JJ.
John T. Joseph, with whom were Richard W. Case and Smith, Somerville & Case on the brief, for appellant.
R. Ronald Sinclair and Ralph J. Luttrell for The City of Bowie, one of appellees; no brief filed on behalf of Free State Plaza, Inc., other appellee.
HAMMOND, C.J., delivered the opinion of the Court.
This case reflects some of the growing, or perhaps digestive, pains of the City of Bowie in Prince George's County resulting from its annexation of the Belair subdivision created by Levitt and Sons, Inc. (Levitt), now *270 a subsidiary of IT&T, and certain adjacent land. Levitt had caused the appellant, Area Development Corporation (ADC), to come into being for the purpose of constructing a water supply and distribution system and a sewage collection and treatment and disposal system, collectively referred to as "the system." In 1961 ADC and Bowie entered into an agreement whereby ADC leased the system to Bowie until the year 2011. Article 9C of the lease provides in pertinent part:
"Lessee covenants and agrees that it will do none of the following things without the consent in writing of Lessor first had and obtained:
* * *
"(C) Make any extension of or connection with the water distribution or sewage collection systems to service any land or building, except for extensions of or connections to any sewage collection system which may be installed within the town of Bowie as its boundaries were constituted immediately prior to the annexation of the Belair development by the town of Bowie. Any extensions or connections made by Lessee shall be at its expense and shall remain the property of Lessee."
In 1967 Free State Plaza, Inc., an appellee, acquired a subleasehold interest for a long term of years in a thirty-acre parcel of land fronting on the north side of Maryland Route 450 (across the road from the Levitt shopping center) within the city limits of Bowie, having been annexed by the city at the time of the annexation of Belair. Free State undertook the construction of a shopping center on its thirty acres and sought the use of the system  pipes of which were within 200 feet  for itself and its tenants. ADC would not grant Bowie permission to extend the system unless Free State paid all the costs which the extension and use of the system would require and generate. ADC and Free State could not come to terms and finally Free State filed suit against ADC and *271 Bowie, seeking a summary judgment declaring that Article 9C of the lease between ADC and Bowie was void as against public policy. Bowie took a neutral position in the trial court. Judge Digges held that Article 9C was contrary to public policy and illegal and void, and that Bowie was not bound thereby. ADC appealed on October 23, 1968, and the record was received in this Court on December 2, 1968.
On May 9, 1969, Free State wrote the Clerk of this Court that it did not propose to file a brief or argue the case. In its brief, Bowie informs us that this was because ADC and Free State "have arrived at an understanding or agreement with respect to the latter's right to connect to the system." At argument, the parties confirmed the fact that the settlement between ADC and Free State had been consummated and Free State had water and sewage laid on. Nevertheless, ADC continued its efforts to reverse Judge Digges's declaration of the invalidity of Article 9C of the lease and Bowie, abandoning its neutrality, urged strongly in its brief and in oral argument that Article 9C was invalid and that the declaration below should be affirmed.
It is apparent that the present controversy has become moot and we take the view that ADC's appeal should be dismissed. Maryland Rules 835 a 2, 835 b (7); Pub. Serv. Comm. v. Telephone Co., 147 Md. 279. We said in Lloyd v. Board of Supervisors of Election of Baltimore County, 206 Md. 36, 43, that the cases we regarded as better considered and better reasoned:
"take the view that only where the urgency of establishing a rule of future conduct in matters of important public concern is imperative and manifest, will there be justified a departure from the general rule and practice of not deciding academic questions. They hold that if the public interest clearly will be hurt if the question is not immediately decided, if the matter involved is likely to recur frequently, and its recurrence *272 will involve a relationship between government and its citizens, or a duty of government, and upon any recurrence, the same difficulty which prevented the appeal at hand from being heard in time is likely again to prevent a decision, then the Court may find justification for deciding the issues raised by a question which has become moot, particularly if all these factors concur with sufficient weight."
None of the reasons which might justify deciding a moot case is here present. The dismissal will serve to vacate the judgment below and will be without prejudice to possible future litigation as to the validity and effect of the lease from ADC to Bowie. Lee v. Pindle, 12 G. & J. 288, 303-304; Comrs. of Vienna v. Phillips Co., 207 Md. 12, 20; Lake Falls Assn. v. Bd. of Zoning Appeals, 209 Md. 561, 567-568.
Appeal dismissed, judgment below vacated and case remanded for dismissal by the Circuit Court as moot; City of Bowie to pay the costs.