597 A.2d 1058

**Thomas A. BALTIMORE, III**

v.

**Deanne BALTIMORE, et al.**

**No. 48, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Nov. 5, 1991.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Joseph B. Spillman, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Christian J. Jensen, State's Atty. for Caroline County, Denton, on the brief), for appellees.

Argued before BISHOP, WENNER and CATHELL, JJ.

WENNER, Judge.

On June 22, 1990, appellant, Thomas A. Baltimore, III, (Baltimore) was found to be in civil contempt by the Circuit Court for Caroline County, for failing to support his five children. The trial judge ordered appellant to serve five consecutive one-year terms of imprisonment. Appellant was also entitled to purge himself of contempt by paying $9442. Upon appeal, we remanded the case for the imposition of a purging provision with which appellant was then able to comply. Thereupon, a purging provision of three thousand dollars was imposed.[1] This amount was based upon a proffer by appellant's counsel that appellant's mother, by soliciting his family, might be able to loan appellant no more than three thousand dollars. Appellant was still unable to comply with the purging provision. Upon this appeal, appellant asks us to consider:

I.  Whether the trial judge erred by imposing a purging provision containing a lump sum payment that appellant did not have the present ability to pay.

II.  Whether the trial judge erred by only accepting a purging provision that contained a substantial lump sum payment.

---

1.  According to the record before us, appellant was more than $14,000 in arrears. We understand that appellant was incarcerated from June 21, 1990 until, on October 4, we ordered his release. Even if incarceration costs no more than $50 per day, since June 21, 1990, the necessity to again remand this case has cost considerably more than $14,000.

Having heard oral argument on October 4, 1991 and reversed and remanded the case and ordered appellant released forthwith, we shall now explain and provide the circuit court with explicit instructions to fashion a purging provision with which appellant has the present ability to comply.

## BACKGROUND

As part of a divorce decree, under five separate orders, appellant was ordered to support his five children. Presently, appellant is more than $14,000 in arrears. As we said, the Circuit Court for Caroline County held appellant in contempt of each of the five orders and sentenced him to imprisonment for five consecutive terms of one year. As we also said, the initial contempt order contained a purging provision of $9442.

Upon remand, the circuit court set a purging provision of three thousand dollars ($600 in each of the five cases). In addition, the trial judge ordered appellant to obtain work and, through a wage lien, continue support.

In addition, as we have already noted, the purging provision of three thousand dollars was based upon the proffer by appellant's counsel that appellant might be able to obtain a loan from his family of no more than three thousand dollars.

## I.

It is well settled in Maryland that a civil contempt order must contain a purging provision "with which the contemnor has the ability to comply." *Fields v. Fields*, 74 Md.App. 628, 635, 539 A.2d 708 (1988), *see also, Elzey v. Elzey*, 291 Md. 369, 435 A.2d 445 (1981). Of course, there are times when imprisonment may be inappropriate. For example, if a party in a child support case fails to make payments, even though in contempt, "imprisonment may be avoided by a showing that one has neither the money nor the ability to pay." *Elzey*, 291 Md. at 374, 435 A.2d 445,

(citing *Soldano v. Soldano*, 258 Md. 145, 146, 265 A.2d 263 (1970)). Moreover, whether a party has the ability to pay is determined by the *present* ability to pay, e.g., at the time of the contempt proceeding. *Fields*, 74 Md.App. at 634, 539 A.2d 708.

██ When reviewing a contempt proceeding, we will reverse only upon a showing of abuse of discretion by the circuit court.[2] Obviously, the trial judge is in the best position to fashion an appropriate contempt order and purging provision based upon the evidence he or she hears. When the court, however, fashions an order and or a purging provision that exceeds his or her discretion, we may remand, as we did previously in this case, for a more appropriate order.

██ In the case *sub judice*, the record more than adequately demonstrates that appellant was unable presently to comply with the purging provision. Thus, in setting a purging provision of three thousand dollars, the trial judge again abused his discretion. It is also clear from the record that the trial judge refused to accept that appellant was not himself then financially able to meet the purging provision. From the following it is also obvious that the trial judge was unwilling, under the circumstances, to fashion a realistic purging provision:

[THE COURT]: Okay, well tell me what you can work or pay or earn or whatever.

[COUNSEL]: The amount ... right now, I guess you have no assets to pay a purging ...

[APPELLANT]: I have known [sic], no I have known [sic].

\* \* \* \* \* \*

---

**2.** In *State v. Roll and Scholl*, 267 Md. 714, 717, 298 A.2d 867 (1973), the Court of Appeals held that the exercise of the police power "demands care and discretion in its use so as to avoid arbitrary, capricious or oppressive application of power."

[COUNSEL]: Right, that is what he states that he has no funds at this time.

[THE COURT]: Well, I am going to send this one back up Court of Special Appeals, that is simply an unacceptable purging provision, that is no purging provision at all as far as I am concerned. And neither is a dollar a week.

Although the trial judge continued to talk about the necessity of an acceptable purging provision, he again failed to fashion a purging provision that appellant could then meet. It was not until appellant's counsel told the trial judge that appellant's family might be able to loan appellant no more than three thousand dollars, the trial judge ordered a purging provision of that amount. Appellant, of course, was to remain in jail until it was paid. Appellant's counsel said at the hearing that appellant did not have the money, but that his family would need a reasonable time to try and raise that amount.

[COUNSEL]: Yes and ah, ah, after talking to ah, his mother and she said she would consult with the other members of her generation I guess, they said that they could *within a reasonable time,* loan Mr. Baltimore a sum that he could pay his purge ... and the sum ... the most that they could *possibly* come up with would be three thousand dollars. That is a ... that is quite an amount, although I know it is only about one-third of what is owed, but still. It's certainly a lot more than what was mentioned previously. (Emphasis added.)

It should have been obvious to the trial judge that appellant was *not* then able to pay three thousand dollars, and that it would take appellant's mother a "reasonable time" to see how much money she could raise for appellant from his family. As appellant's counsel put it, the most appellant's family could "possibly" come up with would be three thousand dollars.

As we so aptly put it:

There is no question that the power of the court to punish for contempt is a most useful weapon in the court's arsenal to bring about justice and fair play. It has been used by the court in its role as guardian of justice for centuries. Its very awesomeness and magnitude of power, however, demands vigilant care and discretion in its use so as to avoid arbitrary or oppressive application. *Fields*, 74 Md.App. at 635, 539 A.2d 708.

## II.

■ The purging provision was again improper because it did not allow appellant the opportunity to purge himself of contempt. Civil contempt has often been distinguished from criminal contempt by the fact that the contemnors "carry the keys of their prison in their own pockets." *McDaniel v. McDaniel*, 256 Md. 684, 689, n. 2, 262 A.2d 52 (1970) (citing *In re Nevitt*, 117 F. 448, 461 (8th Cir.1902). In the case *sub judice*, by setting a purging provision that required appellant to pay three thousand dollars, the trial court denied appellant "the keys to [his] prison." If the main purpose of civil contempt is remedial, and here to coerce appellant to pay child support, the order and purging provision should be constructed in such a way as to allow appellant the opportunity to obtain sufficient funds to meet those requirements.

■ When we originally remanded this case and instructed the circuit court to impose a realistic purging provision, we did not necessarily mean that the provision include a lump sum, nor do we agree with the State that appellant failed to preserve this issue for appeal by proffering that he could possibly pay three thousand dollars. As we have pointed out, counsel for appellant said that appellant's mother might be able to raise for him not more than three thousand dollars in a reasonable period of time. Appellant never indicated that he had that amount of money on hand. In fact, he continuously said that he had no assets. Hence, the trial judge presented appellant with a very easy deci-

sion, pay three thousand dollars to purge himself of contempt or go to jail. This was clear error.

In *McDaniel*, the Court of Appeals upheld a purging provision that incarcerated the defendant, but allowed him to earn money on a work release program. If arrears were paid before the sentence expired, the defendant was to be released. The Court relied on a Minnesota decision that addressed how a court may fashion a purging provision with which a defendant is able to comply. In *Hopp v. Hopp*, 279 Minn. 170, 156 N.W.2d 212 (1968), the court said:

> The husband is not relieved of liability to comply with the court's orders in that behalf merely because he has no property or because he is not gainfully employed. His ability to perform labor; his opportunity to find gainful employment; his disposition and will to earn money and contribute to a reasonable amount to his family's support and his diligence in seeking employment that will yield, at the very least, sufficient wages to provide for himself and dependents the necessaries of life should also be considered. [*Hopp*, 279 Minn. at 176 (156 N.W.2d at 218) (citing *State ex rel. Houtchens v. District Ct.*, 122 Mont. 76, 82, 199 P.2d 272, 275 (1948)).] ... He cannot be compelled to work and earn the wherewithal to meet the court's mandate if he is physically or for other good reason unable to do so. On the other hand, he will not be permitted to succeed on a defense of inability to comply where he has chosen his own situation and declines to make any reasonable effort to employ his earning capacity in other directions. Nor can he arbitrarily sit back and refuse to work when he has the capacity for gainful employment.

*Hopp*, 156 N.W.2d at 218.

As the trial judge can see, he has various options for constructing a purging provision with which appellant can presently comply. We agree with the trial judge, this is a sad situation. We do not, however, believe this decision will lead appellant to continue to plead poverty and go free without supporting his children. In this case, although

there was ample evidence that appellant was not financially able to pay either of the lump sum purging provisions set by the trial judge, appellant must purge himself of his obvious contempt or continue to go to jail.