654 A.2d 885

**Edward V. WOODS et al.**

v.

**Nicholas S. CONSTANTINE.**

**No. 5, Sept. Term, 1994.**

Court of Appeals of Maryland.

March 3, 1995.

Gary Charles May, Sp. City Sol. (Neal M. Janey, City Sol., on brief), Baltimore, for appellant.

Byron L. Warnken (Janis R. Harvey, Warnken & Warnken, on brief), Baltimore, argued by Clarke F. Ahlers, Columbia, on brief, for appellee.

Argued by MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

PER CURIAM.

We granted certiorari in this case to consider whether the Fifth Amendment privilege against self-incrimination prohibits a police department from compelling a police officer to answer questions concerning the performance of his or her official duties. The case was argued September 14, 1994.

 The appellee, Nicholas S. Constantine, has resigned from the Baltimore City Police Department. As they recognize and acknowledge, this fact renders the case moot as between the parties to the case, *see Adkins v. State*, 324 Md. 641, 646, 598 A.2d 194, 197 (1991); *Robinson v. Lee*, 317 Md. 371, 375, 564 A.2d 395, 397 (1989); *State v. Peterson*, 315 Md. 73, 79–82, 553 A.2d 672, 675–77 (1989); *Mercy Hosp., Inc. v. Jackson*, 306 Md. 556, 561, 510 A.2d 562, 564 (1986); *Hagerstown Reproductive Health Services v. Fritz*, 295 Md. 268, 271, 454 A.2d 846, 848, *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3538,

77 L.Ed.2d 1389 (1983); *Attorney Gen. v. Anne Arundel County School Bus Contractors Assoc.*, 286 Md. 324, 327, 407 A.2d 749, 751 (1979); *Reyes v. Prince George's County,* 281 Md. 279, 291–92, 380 A.2d 12, 19 (1977); *State v. Ficker,* 266 Md. 500, 506–07, 295 A.2d 231, 234–35 (1972); *Potts v. Governor v. Maryland,* 255 Md. 445, 448–49, 258 A.2d 180, 182 (1969); *Lloyd v. Board of Supervisors,* 206 Md. 36, 39, 111 A.2d 379, 380 (1954), and, therefore, subject to dismissal, pursuant to Maryland Rule 8–602(a)(10). Although this Court has discretion to decide a question which has become moot—Maryland Rule 8–602(a)(10) authorizes, rather than mandates the dismissal of a moot appeal, *see Reyes,* 281 Md. at 296, 380 A.2d at 21; *Wilhelm v. Burke,* 235 Md. 412, 416, 201 A.2d 835, 837 (1964)—as this issue is not likely to recur, and there is, in this case, no "imperative and manifest urgency to establish a rule of future conduct," *Attorney Gen. v. Anne Arundel County School Bus Contractors Assoc.,* 286 Md. at 327–28, 407 A.2d at 752–53; *see also State v. Peterson,* 315 Md. at 82, 553 A.2d at 677; *Reyes v. Prince George's County,* 281 Md. at 297, 380 A.2d at 22; *State v. Ficker,* 266 Md. at 507, 295 A.2d at 235; *Area Dev. Corp. v. Free State Plaza, Inc.,* 254 Md. 269, 271, 254 A.2d 355, 356 (1969); *Lloyd v. Board of Supervisors,* 206 Md. at 43, 111 A.2d at 382, we decline the invitation extended by the appellants nevertheless to address the merits. Instead, we dismiss the appeal.

*APPEAL DISMISSED; COSTS TO BE PAID ONE-HALF BY THE APPELLANTS AND ONE-HALF BY THE APPELLEES.*