854 A.2d 293

David YOUNG

v.

Tami FAUTH.

No. 0448, Sept. Term, 2003.

Court of Special Appeals of Maryland.

July 19, 2004.

Julia Doyle Bernhardt (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.

Barbara T. Strong (J. Joseph Curran, Jr., Attorney General on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., JAMES S. GETTY (Retired, Specially Assigned), MARVIN H. SMITH (Retired, Specially Assigned), JJ.

SMITH, Judge.

The Circuit Court for Talbot County found David Young, the appellant, in constructive civil contempt for failure to pay child support. The court issued a contempt order directing that Young be incarcerated in the Talbot County Detention Center for five months and 29 days, or until he complied with the purge provision of the order.

### ISSUES

In this appeal, Young argues, in essence, that:

I.   Prior to the contempt hearing, the trial court erred by setting a full cash appearance bond of $15,000.00, and

II.   At the contempt hearing, the trial court erred by ordering that Young remain incarcerated until the contempt was purged.

Because we find that both of Young's arguments are moot, we shall dismiss the appeal pursuant to Md. Rule 8–602(a)(10). For guidance purposes, we shall briefly address the merits of Young's arguments.[1]

---

1.   This Court "has discretion to decide a question which has become moot." *Woods v. Constantine,* 337 Md. 487, 489, 654 A.2d 885, 885

## FACTS

Young fathered a child who was born in March of 1988 to Tami Fauth, a resident of Massachusetts. Fauth brought an action against Young seeking child support, and in August of 1993 a Massachusetts court found in Fauth's favor. The court ordered Young to pay $50.00 a week in child support, plus $10.00 a week on an arrearage of $8,828.00.

The child support order was eventually transferred to Maryland, where Young resides. Young was to make his support payments to the Bureau of Support Enforcement of the Talbot County Department of Social Services, the appellee in this appeal. By March of 2002, Young was $33,174.00 in arrears. The Bureau of Support Enforcement filed, in the Circuit Court for Talbot County, a petition to hold Young in constructive civil contempt of court. The court issued a show cause order requiring Young to appear in court on April 5, 2002.

A hearing was held on April 5 before a domestic relations master, and Young asserted that he was unable to make the child support payments because of disability. The master continued the hearing until September 20, 2002. She directed Young to submit proof of his alleged disability.

Young failed to appear for the September 20 hearing. The master issued a report finding Young to be $34,374.00 in arrears, and recommending that the court issue a writ of body attachment with a full cash appearance bond of $15,000.00. The court adopted the master's recommendation and, on September 24, 2002, issued the writ of body attachment.

---

(1995) (*per curiam*). As the Court of Appeals has explained, Md. Rule 8–602(a)(10) "authorizes, rather than mandates[,] the dismissal of a moot appeal...." *Woods*, 337 Md. at 489, 654 A.2d at 885. Generally, we will exercise our discretion to decide a moot case if the case "presents 'unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct,' " or presents an issue that is " 'capable of repetition, yet evading review.' " *Stevenson v. Lanham*, 127 Md.App. 597, 612, 736 A.2d 363, 372 (1999) (citations omitted). Clearly, the allegedly improper incarceration of an accused civil contemnor is such an issue.

The writ was not served on Young until March 16, 2003. A bond review hearing was held on March 18, and the court declined to reduce the amount of the appearance bond. Young was unable to make the bond.

A contempt hearing before the domestic relations master was scheduled for March 21. On that date, however, the master recommended that the case be continued until April 25, 2003, when it could be heard by a judge. The $15,000.00 appearance bond remained in effect, and Young remained unable to pay the bond.

At the contempt hearing on April 25, 2003, Young maintained that he was disabled in that he suffered from asthma, diabetes, arthritis, and a heart condition. He acknowledged, however, that his attempts to obtain disability benefits had been denied.

Young acknowledged that he had a collection of Coca Cola memorabilia that was valued at between $4,500.00 and $5,000.00. He indicated that he would be willing to sign over his "right, title, and interest" in the collection to the Bureau of Support Enforcement, or to sell the collection and give the proceeds to the Bureau to put toward his child support payments.

At the close of the hearing, the court found that Young's failure to make child support payments was a constructive civil contempt of court. The court stated:

As a result of that finding Mr. Young is sentenced to the Talbot County Detention Center for a period of five months and twenty nine days from March the 16th, 2003 with the condition that he does have the key to the cell in his pocket and that upon payment of the net proceeds of the sale of his Coca–Cola memorabilia collection, upon the payment of those proceeds to the Bureau of Support Enforcement, upon the Court receiving proof in the form of a receipt or evidence from the Bureau of Support Enforcement that such payment has been made that he will be released still under the obligation to pay $60 per week in child support and the arrears . . . .

Young noted a timely appeal from the trial court's ruling. He was released from commitment on May 16, 2003, apparently upon providing proof to the court that his collection had been sold and the proceeds had been paid to the Bureau of Support Enforcement.

## DISCUSSION

■■ In Maryland, the distinction between civil and criminal contempt "is clear, and . . . the purpose of civil contempt is to coerce present or future compliance with a court order, whereas imposing a sanction for past misconduct is the function of criminal contempt." *Dodson v. Dodson,* 380 Md. 438, 448, 845 A.2d 1194, 1199 (2004). As the Court of Appeals has summarized:

> "A civil contempt proceeding is intended to preserve and enforce the rights of private parties to a suit and to compel obedience [to] orders and decrees primarily made to benefit such parties. The proceedings are generally remedial in nature and are intended to coerce future compliance. Thus, a penalty in a civil contempt must provide for purging."

*Id.* (citation omitted).

## I

### Pre-hearing Detention

Young first contends that the trial court erred by issuing the writ of body attachment, subject to a $15,000.00 cash appearance bond, after he failed to appear for the hearing on September 20, 2002. Young asserts that his detention pursuant to the writ from March 16, 2003 to April 25, 2003, when the contempt hearing was finally held, was unlawful.

The argument is moot. Once the hearing was held on April 25, 2003, the writ of body attachment expired. Young's continued detention after the hearing was pursuant to the contempt order and not the writ. Moreover, after noting this appeal, Young complied with the purge provision of the contempt order and was released from detention.

■ "A question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." *Attorney General v. Anne Arundel County School Bus Contractors Assoc.,* 286 Md. 324, 327, 407 A.2d 749, 752 (1979). In the instant case, " 'there is no longer any effective remedy which the court can provide,' . . . and the bail issue is thus moot." [2] *Droney v. Droney,* 102 Md.App. 672, 682, 651 A.2d 415, 420 (1995) (citation omitted) (where issue of bail pending appeal was rendered moot by contemnor purging contempt and obtaining release, although challenge to contempt finding itself was still alive).

■ We nevertheless observe, for guidance purposes, that it appears that the pre-hearing detention of Young was indeed improper. It is well established that, " 'because a person's liberty interest is at stake [in a civil contempt proceeding] and because it is a judicial proceeding, both the form and substance of due process and proper judicial procedure must be observed. Shortcuts that trample on these requisites and conclusions that are based on hunch rather than evidence are not allowed.' " *Wilson v. Holliday,* 364 Md. 589, 610–11, 774 A.2d 1123, 1135 (2001) (where trial court erred by setting cash appearance bond for defendant in constructive civil contempt action for failure to pay child support at exact amount of support arrearages, even though defendant asserted he was unable to pay that amount). *See also Redden v. Dep't of Social Services,* 139 Md.App. 66, 74–75, 773 A.2d 1094, 1099 (2001) (where this Court determined that trial court's use of body attachment with high cash bond to incarcerate alleged contemnor pending contempt hearing was *"de facto* contempt finding, complete with a sanction of incarceration and a purge provision, but without the procedural safeguards provided by the common law . . . or contained in Rule 15–207").

Maryland Rule 15–207(c)(2) provides:

---

[2] We need not and shall not address the appellee's contention that Young's challenge to his pre-hearing detention is not properly before this Court because Young did not first challenge the detention by filing a petition for writ of *habeas corpus.*

... If the alleged contemnor fails to appear personally at the time and place set by the court, the court may enter an order directing a sheriff or other peace officer to take custody of and bring the alleged contemnor before the court or judge designated in the order. If the alleged contemnor in a civil contempt proceeding fails to appear in person or by counsel at the time and place set by the court, the court may proceed ex parte.

The Court of Appeals has interpreted Rule 15–207(c)(2) and has found that the rule

is clear and unambiguous, requiring no construction. It provides two, succinct alternatives for the court to select from should a contemnor fail to appear in a civil contempt proceeding: the court may direct that a contemnor be arrested and brought before the court for the scheduled hearing, or the court may hold the hearing in his or her absence. *Affording the rule its plain meaning, it clearly does not speak to whether a court may order that the contemnor be arrested and detained while awaiting a subsequent hearing or set an unreasonable bond amount to secure via incarceration the contemnor's attendance.* ...

*Wilson,* 364 Md. at 609, 774 A.2d at 1134 (emphasis added).

## II

Young further contends that the trial court erred when it ordered that he remain incarcerated until the contempt was purged. Young does not challenge the contempt finding itself.[3] Rather, he contends that the trial court erred by

---

**3.** Maryland Rule 15–207(e), which addressed constructive civil contempt in support enforcement actions, provides:

. . .

(3) When a finding of contempt may not be made. The court may not make a finding of contempt if the alleged contemnor proves by a preponderance of the evidence that (A) from the date of the support order through the date of the contempt hearing the alleged contemnor (i) never had the ability to pay more than the amount actually paid and (ii) made reasonable effort to become or remain employed or otherwise lawfully obtain the funds necessary to make payment, or (B) enforcement by contempt is barred by limitations as to each

ordering that he remain incarcerated until he complied with the purge provision, in that he could not comply immediately with the provision but had first to sell his Coca Cola memorabilia collection.

Again, because Young has now purged the contempt and is no longer incarcerated, the argument is moot. Absent a challenge to the contempt finding itself, there is nothing for this Court to consider. *See, e.g., Droney,* 102 Md.App. at 682, 651 A.2d at 420. We note, however, that as in the case of Young's pre-trial detention it appears that the detention pending compliance with the purging provision was improper.

"It is well settled in Maryland that a civil contempt order must contain a purging provision 'with which the contemnor has the ability to comply.'" *Baltimore v. Baltimore,* 89 Md.App. 250, 253, 597 A.2d 1058, 1060 (1991).

Furthermore, because the purpose of imprisoning the contemnor is remedial, ... *i.e.,* "to preserve and enforce the rights of private parties to a suit and to compel obedience to orders and decrees primarily to benefit such parties," ... [the Court of Appeals] consistently, and emphatically, has held that a civil contemnor may be incarcerated only when he or she has been found to have "the *present* ability to purge the contempt." ...

unpaid spousal or child support payment for which the alleged contemnor does not make the proof set forth in subsection (3)(A) of this section.

Young does not dispute that his child support payments were in arrears. Nor does he dispute on appeal that he used for other purposes funds that could have been used to make the child support payments. As the Court of Appeals explained recently,

normally in a constructive civil contempt action there cannot even be a finding or adjudication that the defendant is in contempt unless the defendant has the *present* ability to comply with the earlier court order or with the purging provision. .. The only exception to this general rule is set forth in Maryland Rule 15-207(e), which permits a finding of contempt, and the issuance of certain court orders, where a defendant has failed to comply with spousal or child support orders
...

*Dodson v. Dodson,* 380 Md. 438, 450-51, 845 A.2d 1194, 1201 (2004) (citations omitted) (emphasis in original).

*Long v. State*, 371 Md. 72, 89–90, 807 A.2d 1, 11 (2002) (emphasis added) (citations omitted). "In other words, if a civil contemnor does not have the present ability to purge, a court cannot incarcerate him or her in the constructive civil contempt proceeding." *Wilson*, 364 Md. at 603, 774 A.2d at 1131.

The purging provision in the contempt order required Young to sell his Coca Cola memorabilia collection and pay the proceeds to the Bureau of Support Enforcement. There was no dispute that Young had not sold the collection and did not have the cash in hand at the time of the contempt hearing. Nor can it be imagined that Young's incarceration could have in any way facilitated the required sale. Indeed, it made it impossible for Young to effect the sale on his own and required him to act through an agent. In short, because the sale of his memorabilia collection was a prerequisite to Young's ability to purge, Young did not have the *present* ability to comply with the purging provision.

A trial court "has various options for constructing a purging provision with which [a contemnor] can comply." *Baltimore*, 89 Md.App. at 257, 597 A.2d at 1062 (trial court erred by incarcerating contemnor until contemnor's family could raise money required by purging provision). *See generally* Md. Rule 15–207(e)(4). *See also Fields v. Fields*, 74 Md.App. 628, 634, 539 A.2d 708, 711 (1988) (trial court erred by incarcerating contemnor where only evidence on matter established it would take him 30 days to raise money necessary to satisfy purging provision). In the instant case, the trial court more properly should have fashioned a contempt order that "include[d] directions that the contemnor make specified payments on the arrearage at future times and perform specified acts to enable the contemnor to comply with the directions to make payments." Md. Rule 15–207(e)(4)(C).[4]

---

4. We observe that, notwithstanding our holding, we fully comprehend the sense of frustration of the trial judge here and that of other judges in cases similar to this where parties do not meet their obligation of

APPEAL DISMISSED. APPELLANT TO PAY THE COSTS.

support under a court order. *See, e.g., Elzey v. Elzey,* 291 Md. 369, 435 A.2d 445 (1981)(regarding intentional inability to pay support).